UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH DOMINGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MANJIT SAPPAL, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-02648-SK<br><br>**REQUEST FOR REASSIGNMENT; REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Regarding Docket Nos. 10, 15 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendants City of Martinez, Martinez Police Department, Mike Estanol, Eric Ghisletta, Manjit Sappal, Dustin Mayberry, Fred Ferrer, Rodney Brisner, and Dave Mathers, and joined by Defendants Richard Hernandez, Robert Schroder, Debbie McKillop, Lara Delaney, Noralea Gipner, Mark Ross, and Eric Broussard (collectively "Defendants") for lack of subject matter jurisdiction and failure to state a claim. The motion was unopposed. On the date of the hearing, Plaintiff phoned the Court and reported that he was too ill to appear.

While Defendants consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c), the Plaintiff has not responded to the Court's repeated requests to consent to or deny magistrate judge jurisdiction over the case. Therefore, the Court requests that the matter be reassigned to a district judge and issues this report and recommendation that Defendants' motion be dismissed with leave to amend for the reasons set forth below.

## BACKGROUND

On May 8, 2017, *pro se* Plaintiff Elijah Dominguez filed his complaint alleging that he was not provided "just compensation on my arrest on 1/16/16[.] 7/24/16 was harassed and wrongfully arrested by police officer[.] Officer also intimidated my friends and asked question about me."

(Dkt. 1 (Complaint), p. 4.) Plaintiff seeks punitive damages for "wrongful imprisonment," "theft of private property," "retaliatory arrest and abuse of power." (*Id.*)

The Complaint asserts that the basis of jurisdiction is diversity of citizenship (*Id.,* p. 3.) and asserts under the amount in controversy: "violation of the Fourteenth Amendment Article I section 19 of the California Constitution, USC Title 18 chapter 13 241, 242, 245[.] Misfeasance[,] malfeasance[,] nonfeasance[.]" (*Id.,* p. 4.)

A group of the Defendants moved to dismiss the complaint on June 29, 2017 for lack of subject matter jurisdiction and failure to state a claim. (Dkt. 10.) The remainder of the Defendants joined in the motion to dismiss on July 18, 2017. (Dkt. 15.) Plaintiff did not file a written response to the motion.

## ANALYSIS

**A. Lack of Subject Matter Jurisdiction (Rule 12(b)(1)).**

**1. Legal Standard**

Federal courts are courts of limited jurisdiction. Unlike state courts, they have no "inherent" or "general" subject matter jurisdiction and can adjudicate only those cases authorized by Congress or the Constitution, i.e., cases involving diversity of citizenship, a federal question, or a case in which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). The requirements for diversity jurisdiction are codified in 28 U.S.C. § 1331, which provides that district courts have original jurisdiction of civil actions in which the amount in controversy exceeds $75,000 and the where there is diversity of citizenship. Diversity requires that all plaintiffs be of different citizenship than all defendants. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 89 (2005). The amount in controversy requirement is an estimate of the total amount in dispute, and is not an estimate of a defendant's liability. *Lewis v. Verizon Comm., Inc.,* 627 F.3d 395, 400 (9th Cir. 2010). It is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Wash. State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977).

//
//

Northern District of California

### 2. Defendants' Motion to Dismiss for Lack of Jurisdiction.

Plaintiff asserts that jurisdiction over this action lies with the district court based on diversity of citizenship. Plaintiff resides in Martinez, California (Dkt. 1, p. 1) and the Defendants are all citizens of California. (Dkt. 1, pp. 2, 3-4, 6; Dkt. 10, p. 2; Dkt. 15, p. 2.) There is no diversity of citizenship here. Further, there is nothing alleged to form the basis for Plaintiff's assertion that the amount in controversy exceeds $75,000. Plaintiff has failed to sufficiently plead diversity jurisdiction[1] and therefore the Court recommends that Defendants' motion be GRANTED.

## B. Failure to State a Claim (Rule 12(b)(6)).

### 1. Legal Standard

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Bell Alt. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g.*

---

[1] While the Complaint hints at federal question jurisdiction based on a violation of civil rights, the specific right at issue is not apparent. *See* section B(2) of this analysis, below.

3

*Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

On a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice…." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001). A complaint should be dismissed if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacific Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

**2. Defendants' Motion to Dismiss for Failure to State a Claim.**

Defendants assert that Plaintiff appears to claim a civil rights violation, but the lack of facts and the conclusory statements do not meet the pleading requirements for stating a claim on which Plaintiff is entitled to recover. The Court agrees.

Plaintiff asserts in the statement of claim that he "was not given just compensation on my arrest on 1/16/16[.] 7/24/16 was harassed and wrongfully arrest by police officer[.] Officer also intimidated by friends and asked question about me." (Dkt. 1, p. 4.) It is only with the punctuation inserted by the Court, that the statement makes sense. However, the punctuation may be incorrect. Further, given that the writing is difficult to decipher, the dates cited here by the Court may be incorrect.

If there is a civil right that has been violated, it is unclear what it was or how it was violated. That Plaintiff was in custody appears clear, but it is unclear how that would entitle Plaintiff to "just compensation" or any compensation. There is no indication of who was involved, i.e., the names of the police officer(s). Further, there is no description of the harassing activity or the manner in which the friends were intimidated and questioned. Plaintiff failed to allege enough facts to state a claim to relief that is plausible on its face.

In addition, Plaintiff claims he is entitled to "punitive damages for wrongful imprisonment and theft of private property and retaliatory arrest and abuse of power," but Plaintiff does not

4

describe the conduct that forms the basis of the claim. (*Id.*) Plaintiff asserts wrongful imprisonment, but does not disclose where he was imprisoned, how he was taken into custody, the length of time he was in custody, or why it was wrongful. Plaintiff alleges theft of private property, but not what property was taken or its value. Further, there is no description of the action that preceded the retaliation. Finally, it is unclear how power was abused in this scenario.

Even when construed in the light most favorable to the Plaintiff, the Complaint is inadequate to put Defendants on notice of what occurred and the basis for the claims asserted. Therefore, the Court recommends that the motion to dismiss for failure to state a claim be GRANTED. The Court further recommends that Plaintiff be given leave to file an amended complaint.

## CONCLUSION

For the foregoing reasons, the Court recommends that the motion to dismiss be GRANTED with leave to amend. A party may serve and file specific written objections to this recommendation within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's order.

Finally, the Court advises Plaintiff that the district court has produced a guide for pro se litigants called Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, which provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. It is available electronically on line at http://cand/uscourts.gov/prosehandbook or in hard copy free of charge from the Clerk's Office. The Court further advises Plaintiff that he may also wish to seek assistance from the Legal Help Center. Plaintiff may call the Legal Help Center at 415-782-8982 or sign up on the 15th Floor of the San Francisco Courthouse, Room 2796 or on the

//
//
//
//
//

4th Floor of the Oakland Courthouse, Room 470S, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED**.

Dated: August 8, 2017



SALLIE KIM
United States Magistrate Judge